UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NK BEER WINE, INC.,
        Plaintiff,

No. 1:08-cv-067

-v-

HONORABLE PAUL L. MALONEY

UNITED STATES OF AMERICA,
        Defendant.

ORDER DENYING MOTION TO APPOINT COUNSEL; ORDER OF DISMISSAL; ORDER DENYING AS MOOT CROSS MOTIONS FOR SUMMARY JUDGMENT

On April 3, 2009, this Court issued an order (Dkt. No. 52) allowing counsel for Plaintiff NK Beer Wine, Inc. to withdraw from the action. The order required Plaintiff to "obtain new counsel, who shall enter an appearance in this case, within 28 days of this order." To date, no appearance has been filed. On June 4, 2009, this Court issued an order (Dkt. No. 53) to show cause. Plaintiff was ordered to explain why the action should not be dismissed for failure to obtain counsel. Again, Plaintiff was ordered to have counsel file an appearance within 14 days of the order. On June 17, 2009, Plaintiff filed its response, which states, in its entirety, "Please see atached [sic] letter."[1] (Dkt. No. 54.) Attached to Plaintiff's note is a letter from Plaintiff's former counsel outlining the amount owed for services rendered.

Plaintiff has not justified its continued lack of representation. Well settled law requires corporations to appear in federal court only through licensed counsel. *Rowland v. California Men's Colony*, 506 U.S. 194, 201-202 (1993) (citing *Osborn v. Bank of United States*, 9 Wheat. 738, 829

---

[1] After this Court granted Plaintiff's former counsel's motion to withdraw, all submissions on behalf of Plaintiff have been signed by Nirmal Kaur, the owner of NK Beer Wine, Inc. (*See* Dkt. No. 28-8 Exhibit 7 to Plaintiff's Brief in Support of Motion for Summary Judgment - Kaur Affidavit ¶ 2.)

(1824); *NLRB v. Consol. Food Servs., Inc.*, 81 F.App'x 13, 15 n.1 (6th Cir. 2003). Lack of resources does not excuse Plaintiff's failure to have counsel appear on its behalf.

On June 18, 2009, Plaintiff submitted a letter (Dkt. No. 55) requesting appointment of counsel. The letter explains Plaintiff currently lacks funds to compensate its former attorney. "The appointment of counsel in civil proceedings is not a constitutional right and is justified only in exceptional circumstances." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003) (citing *Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993)). When determining whether exceptional circumstances exist, courts should consider the type of case and the ability of the plaintiff to adequately represent himself or herself, which typically includes a determination of the complexity of the legal and factual issues involved. *Lavado*, 992 F.2d at 606. Even if this Court were to conclude such exceptional circumstances exist, Plaintiff's motion must nevertheless be denied. There is no authority allowing appointment of counsel for a corporation in a civil matter. *Specialty Vehicle Acquisition Corp. v. American Sunroof Corp.*, No. 07-13887, 2008 WL 344546 * 2 (E.D. Mich. Feb. 7, 2008) (Duggan, J.) ("There is no provision in a statute, the Federal Rules of Civil Procedure, or the Local Rules allowing this Court to appoint counsel for a corporation in a civil matter. Nor is there any source of funding available to pay an attorney to represent a corporation in a civil matter.") *See Rowland*, 506 U.S. at 197-198 (holding a corporation does not qualify as a "person" under 28 U.S.C. § 1915 for the purpose of proceeding in federal court *in forma pauperis*); *Zamzam v. Comm'r of Internal Revenue*, 24 F.App'x 206 (4th Cir. 2002) (per curiam) (denying motion to appoint counsel on appeal for corporate appellant because only natural persons qualify for *in forma pauperis* status and citing *Rowland*).

For the reasons outlined above, **IT IS HEREBY ORDERED:**

1. Plaintiff's motion (Dkt. No. 55) for appointment of counsel is **DENIED;**

2. This action is **DISMISSED WITHOUT PREJUDICE;** and

3. The pending cross motions for summary judgment (Dkt. Nos. 27 and 38) are **DENIED AS MOOT.**

Date:   June 29, 2009                                          /s/ Paul L. Maloney
                                                               Paul L. Maloney
                                                               Chief United States District Judge